RE[illegible]
Juneau

OCT 2 1 2021

CBPL

Timothy Twomey, Esq.
Crowson Law Group
637 A Street
Anchorage, AK 99501
(907) 677-9393 Telephone
(907) 677-9310 Facsimile
Email: tim@crowsonlaw.com
*Attorneys for Plaintiff*

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| CHRISTOPHER WORTHEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| GEICO CHOICE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

) Case No. 3AN-21-_____ CI

## COMPLAINT

NOW COMES the Plaintiff, Christopher Worthen by and through his undersigned

attorneys, Crowson Law Group, and sues GEICO Choice Insurance Company and alleges

as follows:

1.    Plaintiff, for all times mentioned herein, was and is a resident of Anchorage,

Alaska.

2.    At all times herein mentioned, Defendant GEICO Choice Insurance

Company, was an insurer licensed and authorized to do business in Alaska.

*Worthen v. Geico*
Case No. 3AN-21-_____ CI
Complaint
Page 1 of 6

CROWSON
LAW GROUP

637 A STREET
ANCHORAGE, ALASKA
99501

907-677-9393

—

850 S. ROBERTS ST
SUITE #500
WASILLA, ALASKA
99654


3.      The accident described below occurred in the Anchorage Borough, and, as a result, venue properly lies with this honorable Court.

4.      Jurisdiction properly lies with this honorable Court.

5.      That on or about October 15, 2019, Plaintiff was involved in an automobile collision when an uninsured driver made a left turn in front of his vehicle.

6.      That on the occasion in question, the uninsured driver was negligent in the following particulars, among others, to-wit:

a.      Failure to keep his vehicle under control;

b.      Failure to give full time and attention;

c.      Failure to keep a proper lookout;

d.      Failure to yield to avoid collision;

e.      Unreasonable operation of a vehicle under conditions existing;

f.      Improper left turn attempt;

g.      Negligent driving.

7.      That the collision hereinabove stated was due to the sole negligence of the uninsured driver, without any comparative negligence whatsoever by the Plaintiff.

8.      As a direct and proximate result of the collision described above, Plaintiff was caused to sustain severe and permanent injury; caused to incur medical bills, lost wages and expenses; and was caused to endure pain and suffering. Furthermore, Plaintiff was and is precluded from enjoying his usual avocations.

CROWSON
LAW GROUP

637 A STREET
ANCHORAGE, ALASKA
99501

907-677-9393

---

850 S. ROBERTS ST
SUITE #500
WASILLA, ALASKA
99654

*Worthen v. Geico*
Case No. 3AN-21-____ CI
Complaint
Page 2 of 6


9.      That as a further direct and proximate result of the collision caused by the uninsured driver, Plaintiff has been forced to expend large sums of money for hospitalization, medical exams, nurses, medical treatment and for medicine for the treatment of the aforesaid injuries, including, but not limited to, a left shoulder injury including severe torn rotator cuff on the left side. Plaintiff has received physical therapy and anticipates injections and surgery as his symptoms have persisted.

10.     The treatment rendered to Plaintiffs by the following health care providers was necessary to treat Plaintiff's injuries suffered in the collision described above:

> Alaska VA Healthcare System
> Providence Rehabilitation Services

11.     The charges for the treatment rendered to Plaintiff by the health care providers identified in Paragraph 10 were reasonable.

12.     Plaintiff continues to suffer from the injuries sustained in the above-described accident and are still in need of medical care.

13.     As a consequence of the injury sustained in the collision, Plaintiff was unable to continue working. His employment has been affected and he has lost income as a result of the collision and his injuries. It is likely his future income will be negatively affected by the injuries caused by the collision.

14.     Defendant GEICO Insurance Company underwrote an insurance policy for the vehicle driven by Plaintiff at the time of the litigated collision, policy number 4548-27-43-09 ("the GEICO policy").

CROWSON
LAW GROUP

637 A STREET
ANCHORAGE, ALASKA
99501

907-677-9393

850 S. ROBERTS ST
SUITE #500
WASILLA, ALASKA
99654

*Worthen v. Geico*
Case No. 3AN-21-_____ CI
Complaint
Page 3 of 6

OCT 2 1 2021

CBPL

15.     The GEICO policy provided, in part, that an "insured" under the policy would be covered under the policy's "uninsured motorist" provisions.

16.     Plaintiff is an "insured" under the terms of the GEICO policy.

17.     The GEICO policy provided that an "insured" would be entitled to benefits under the UM portion of the policy if the insured suffered damages as a result of a motor vehicle accident with an uninsured driver.

18.     Plaintiff has previously provided information about his medical bills, medical records and lost wages to GEICO Insurance Company that detailed plaintiff's extreme physical suffering and mental anguish that resulted from the above-referenced collision.

19.     Defendant GEICO Insurance Company assigned an uninsured motorist adjuster to conduct a complete review of Plaintiff's claims.

20.     Defendant GEICO Insurance Company had ample time to conduct a detailed review of all of Plaintiff's proofs provided, and to formulate an appropriate offer to compensate under the UM portion of the above referenced GEICO policy.

21.     On or about August 24, 2021, GEICO Insurance Company offered $15,392 to Plaintiff. This amount is insufficient to make Plaintiff whole and GEICO Insurance Company's position is unreasonable.

22.     The reasonable amount of Plaintiff's damages and the amount Plaintiff claims is owed under the GEICO policy is in excess of the $50,000.00 limits of the subject

CROWSON
LAW GROUP

637 A STREET
ANCHORAGE, ALASKA
99501

907-677-9393

—

850 S. ROBERTS ST
SUITE #500
WASILLA, ALASKA
99654

*Worthen v. Geico*
Case No. 3AN-21-_____ CI
Complaint
Page 4 of 6

Case 3:21-cv-00257-SLG   Document 1-2   Filed 11/18/21   Page 4 of 6   Exhibit B
Page 4 of 6

policy, yet GEICO has offered to tender only $15,392.00 to Plaintiff to compensate him for his damages.

23.     This action is permitted under the terms of the subject policy as there is a present dispute concerning the amount of damages GEICO is required to pay Plaintiff under the circumstances presented. Plaintiff has complied with all conditions required of him prior to initiating this action.

## COUNT I: INDEMNITY

24.     Plaintiff incorporates herein by reference paragraphs 1 through 23, as if fully set forth herein:

25.     The GEICO policy's UM provisions promise to indemnify an "insured" for personal injury losses resulting from an automobile accident with a driver who has no valid insurance at the time of an accident.

26.     Defendant GEICO Insurance Company has failed to comply with this provision of the GEICO policy.

27.     Plaintiff has suffered losses in the form of medical bills and general damages as a result of GEICO Insurance Company's failure to adhere to the policy language referenced above.

## COUNT II: BREACH OF CONTRACT

28.     Plaintiff incorporates herein by reference paragraphs 1 through 27, as if fully set forth herein.

CROWSON
LAW GROUP

637 A STREET
ANCHORAGE, ALASKA
99501

907-677-9393

850 S. ROBERTS ST
SUITE #500
WASILLA, ALASKA
99654

*Worthen v. Geico*
Case No. 3AN-21-_____ CI
Complaint
Page 5 of 6

RECEIVED

OCT 2 1 2021

CBPL.

29.     Plaintiff has complied with his obligations under the GEICO policy and is entitled to performance by GEICO Insurance Company.

30.     Defendant GEICO Insurance Company has failed to fulfill its obligations under the terms of the GEICO policy in that it failed to adequately indemnify Plaintiff for his losses suffered as a consequence of the underlying automobile collision.

WHEREFORE, Plaintiff prays judgment against Defendant, as follows:

1.     For general damages.

2.     For all medical and incidental expenses according to proof, past and future.

3.     For all lost wages according to proof, past and future.

4.     For indemnification for all losses incurred by Plaintiff as a result of the underlying collision.

5.     For costs of suit herein incurred.

6.     For such other and further relief as the court may deem proper.

7.     That this case be tried by jury.

Respectfully submitted on this the 8th day of October 2021.

CROWSON LAW GROUP
*Attorneys for Plaintiff*

By: ___/s/ Timothy Twomey___
Timothy Twomey
AK # 0505033

CROWSON
LAW GROUP

637 A STREET
ANCHORAGE, ALASKA
99501

907-677-9393

850 S. ROBERTS ST
SUITE #500
WASILLA, ALASKA
99654

*Worthen v. Geico*
Case No. 3AN-21-____ CI
Complaint
Page 6 of 6